UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-MC-00024-FDW-SCR

| | |
|---|---|
| **IN RE EX PARTE APPLICATION OF** ) <br> ) <br> **JOSE HENRIQUE SOARES PEREIRA**, ) <br> ) <br> **Petitioner for an Order Pursuant to 28** ) <br> **U.S.C. §1782 to Take Discovery for use in** ) <br> **Contemplated Proceedings in the** ) <br> **Federative Republic of Brazil,** ) <br> ) <br> ) <br> **v.** ) <br> ) <br> **NUCOR CORPORATION,** ) <br> ) <br> **Respondent.** ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner Jose Henrique Soares Pereira's "Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Contemplated Foreign Proceeding" (Doc. No. 1) filed February 14, 2023, and the parties' briefs (Doc. No. 2, 8 and 10).

On April 18, 2023, the Application was referred to the undersigned.

The same day, the undersigned ordered Petitioner to serve the Application on Respondent, which the Court granted leave to file a response. "Order" (Doc. No. 6). The Court granted Petitioner leave to file a reply. Id.

The Court has carefully considered the parties' arguments, the record, and the authorities. For the reasons discussed below, the Petition is denied.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

As explained in detail below, Petitioner seeks an Order for discovery pursuant to 28 U.S.C. § 1782 from Respondent Nucor Corporation ("Nucor") for use in contemplated litigation before the Brazilian State Court in Brazil. He contends that Respondent was a minority owner of a Dutch company that acquired New Steel S.A. ("New Steel Brazil") a Brazilian corporation, which was itself later acquired by a second Brazilian corporation. Petitioner was a director of New Steel Brazil through the closing of the first acquisition. He seeks discovery concerning those transactions. The contemplated litigation to be brought by or against Petitioner and/or other parties arises from the difference in the valuations of New Steel—from $93 million at the first sale to $500 million at the second sale fourteen months later.

New Steel Brazil was formed in July 2012. From its inception until 2017, New Steel Brazil was owned by certain founding shareholders, who developed a "clean dry ore processing method," and Hankoe Fundo de Investimento em Participações – Multiestratégia Investimento no Exterior ("Hankoe"). Hankoe is a Brazilian private equity fund that "targets, among others, the metal, mineral, and mining sectors." Doc. No. 2 at 7-8. Petitioner served as a director of New Steel Brazil from 2012 until October 22, 2017, when he resigned. Id. at 8-9.

On October 22, 2017, the founding shareholders sold their remaining interest in New Steel Brazil to Hankoe. Hankoe paid approximately $16.5 million for the founding shareholders' 17.7% interest, which implied a valuation of approximately $93 million for New Steel Brazil. At that time, Petitioner's status as a director of New Steel Brazil ended. Id. at 9.

After Hankoe acquired the founding shareholders' interests in New Steel Brazil, it incorporated a new company in the Netherlands, New Steel NV ("New Steel"). New Steel became the parent company of New Steel Brazil. According to Petitioner, New Steel was incorporated "in

an unanticipated manner" within four months of the sale of the founding shareholders' interests to Hankoe. Id. After New Steel was incorporated, Respondent acquired a 13.67% interest in the new parent company. Id.

Vale S.A. ("Vale") is a large Brazilian metals and mining corporation. Id. at 6 & n.2. In December 2018, Vale "announced to the market" that it would acquire New Steel "for $500 million in a transaction expected to occur in 2019." Id. at 9 & n.5. Nucor sold its interest in New Steel fifteen days prior to Vale's purchase of New Steel. Id. at 9.

On September 22, 2021, Petitioner received an "Extrajudicial Notice" (the "Notice") from New Steel Brazil's founding shareholders. Id.; Exhibit C (Doc. No. 2-1). The Notice asserted that at the time of the first transaction, "Hankoe was already in advanced negotiations with Nucor and Vale to sell New Steel Brazil due to the company's successful clean technology." Doc. No. 2 at 9. Among other things, the Notice alleged that Petitioner may have breached his fiduciary duties to New Steel Brazil, that is, for failing to discover and/or disclose to the founding shareholders the possible second transaction at a much higher price. Id. at 9-10. Petitioner contends that he first "learned of the[] material facts" through the Notice. Id.

Based on the Notice, Petitioner claims that he is a potential defendant in shareholder litigation in Brazil. Petitioner asserts that "such lawsuit may be imminent." Id. at 11. Petitioner also claims that he is considering initiating civil lawsuits in a Brazilian State Court against (i) New Steel Brazil and its board members and/or (ii) Hankoe. Id. at 10-11. Petitioner contends that he has a cause of action under Article 927 of the Brazilian Civil Code, Law no. 10,406/2002 against these persons for their role in "deceiving Petitioner in his decisions and concealing relevant material information from him." Id. at 11.

3

Case 3:23-mc-00024-FDW-SCR    Document 11    Filed 06/22/23    Page 3 of 10

According to Petitioner, he has been addressing issues raised in the Notice with the founding shareholders since September 2021.  Id. at 11.  In doing so, he has been strategizing contemplated proceedings in Brazil.  Id.  Petitioner has retained counsel in Brazil and the United States.  Id.  According to the Petition, the documents Petitioner seeks pursuant to the Application "will be the main evidence to establish a cause of action under Brazilian law." Id.

The parties do not appear to dispute that New Steel Brazil's bylaws that were in place at the time of the first acquisition in 2017 included a mandatory arbitration provision as follows:

> ARTICLE 37 - Any and all disputes or claims that may occur between Company, its shareholders, managers and Fiscal Council members in connection with or arising out of, in particular, the application, validation, effectiveness, construction, violation, and the effects thereof, of the provisions set out in Law No. 6404/76 and in these Articles of Incorporation shall be resolved by arbitration submitted to the Center for Arbitration and Mediation of the Chamber of Commerce Brazil-Canada, subject to the regulations in effect on the date the arbitration demand is submitted.

Declaration of Andre Chateaubriand Martins, ¶¶ 8-11 & Ex. A. ("Martins Decl.") (Doc. No. 8-1).  The Center for Arbitration and Mediation of the Chamber of Commerce Brazil-Canada (CAMCCBC) is a private body that administers alternative dispute resolution.  In accordance with the bylaws, any arbitration would be held in Rio de Janeiro, State of Rio de Janeiro, Brazil.  Id.

The Application has been fully briefed and is ripe for determination.

## II. DISCUSSION

The Court's analysis is two-fold.  First, Petitioner must satisfy the Section 1782(a) statutory factors.  Then, the Court must apply the discretionary factors articulated by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004).  As discussed below, the Application fails at each stage.

Section 1782(a) requires that: (1) the request is made "by a foreign or international tribunal," or by "any interested person;" (2) the request seeks evidence, including the "testimony

4

or statement" of a person or the production of "a document or other thing;" (3) the person from whom discovery is sought "resides or is found" in the district; and (4) the evidence is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); see Servotronics, Inc. v. Boeing Co., 954 F.3d 209, 210 (4th Cir. 2020), abrogated on other grounds by ZF Auto. US, Inc. v. Luxshare, Ltd., 142 S. Ct. 2078 (2022).

For these purposes, Nucor challenges only the fourth Section 1782 factor. See Opposition at 6 & n.4. ("Even if Petitioner is an interested person and Brazilian state courts are foreign tribunals within the meaning of Section 1782" and "[f]or purposes of this Opposition, Nucor does not contest that it 'resides or is found' in the Western District of North Carolina or that the Requests seek 'document[s].'"). Nucor contends that Petitioner has not shown that the requests are "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782; Id.

First, Respondent argues that Petitioner's contemplated proceeding is "purely speculative." Id. To satisfy the "use in a proceeding in a foreign or international tribunal" factor, it is not necessary that the proceeding be pending, but rather the proceeding must be "within reasonable contemplation." Intel Corp., 542 U.S. at 259. There is no requirement that the proceedings be imminent. Id. "As the Intel court explained, all that is necessary is that the evidence may be eventually used in such a proceeding." Pinchuk v. Chemstar Prod. LLC, No. 13–mc–306 (RGA), 2014 WL 2990416, at *2 (D. Del. June 26, 2014) (citing Intel Corp., 542 U.S. at 260-61). Seeking information to plead or prove a claim that has already been identified and articulated with particularity is authorized under Section 1782. In re Application of Hornbeam Corp., 722 F. App'x 7, 9-10 (2d Cir. 2018) (holding a foreign proceeding was reasonably contemplated where the applicant represented in a sworn declaration that it intended to initiate litigation and articulated a theory on which it intended to litigate). Likewise, discovery under Section 1782 has been allowed

where such discovery is necessary for use in a reasonably contemplated defense. See e.g., Snowflake Inc. v. Yeti Data, Inc., No. 20-mc-80190 (EMC), 2021 WL 1056550, at *6 (N.D. Cal. Mar. 18, 2021). Petitioner has articulated sufficient facts to show that a proceeding is reasonably contemplated, particularly where he has received a formal notice of potential claims from New Steel Brazil's founding shareholders.

Nucor's second "use in a proceeding in a foreign or international tribunal" argument, however, is persuasive. The Supreme Court recently held that Section 1782 does not apply to private foreign arbitration. ZF Auto. US, Inc., 142 S. Ct. at 2089 ("[Section] 1782 requires a 'foreign or international tribunal' to be governmental or intergovernmental."). "Private adjudicatory bodies" like CAM-CCBC, "do not fall within Section 1782." ZF Auto. US, Inc., 142 S. Ct. at 2089; see also In re SPS I Fundo de Investimento de Acoes - Investimento No Exterior, No. 21-MC-532-RGA-JLH, 2022 WL 16571326, at *2 & n.4 (D. Del. Nov. 1, 2022) (holding that Brazilian petitioner "cannot invoke [Section] 1782 to obtain evidence for use in its private arbitration proceeding"); In re Atvos Agroindustrial Investimentos S.A., 481 F. Supp. 3d 166, 175 (S.D.N.Y. 2020) ("the CAM-CCBC is not a 'foreign or international tribunal' under 28 U.S.C. § 1782.").

Citing no authority in support, Petitioner contends merely that:

> [T]he plain language of the arbitration provision makes clear that Petitioner is not subject to its terms as he is no longer a board member and learned of the material facts described herein after his resignation. Petitioner's claims are of a civil nature and would be filed with a State Court in Brazil.

Reply at 19 (Doc. No. 10). To the contrary, even if a contemplated proceeding were filed initially in a Brazilian court, it is apparent from the plain language of the arbitration provision that it applies to any dispute arising from the sale of New Steel Brazil.

6

Accordingly, the discovery Petitioner seeks is for use before the CAM-CCBC, which is not a foreign tribunal within Section 1782. For this reason, Petitioner has failed to establish the fourth Section 1782(a) factor and the Application will be denied.

Even assuming arguendo that Petitioner could satisfy all Section 1782(a) factors, his Application fails upon discretionary analysis. "[A] district court is not required to grant a [Section] 1782(a) discovery application simply because it has the authority to do so." Intel Corp., 542 U.S. at 264. Even where the statutory prerequisites of Section 1782 are satisfied, the court has "wide discretion" to grant or deny discovery. Al Fayed v. United States, 210 F.3d 421, 424 (4th Cir. 2000).

The Court's exercise of discretion is guided by four non-exclusive factors that the Supreme Court articulated in Intel: (1) "whether 'the person from whom discovery is sought is a participant in the foreign proceeding [in which case] the need for [Section] 1782(a) aid generally is not as apparent as . . . when evidence is sought from a nonparticipant;'" (2) "the 'nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;'" (3) "whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;'" and (4) "whether the discovery requests should be scaled back to avoid undue burden." In re Blue Oil Trading Ltd., No. 3:09-mc-152 (RJC), 2009 WL 3247854 (W.D.N.C. Oct. 5, 2009) (alteration in original) (quoting Intel, 542 U.S. at 264-65).

The first Intel factor weighs in favor of denying the application.[1] Petitioner argues simply that because neither Respondent nor any of its subsidiaries are present in Brazil, Nucor will not be

---

[1] Nucor frames its discretionary factor arguments as: "(i) Petitioner is attempting to circumvent Brazilian limits on pre-suit discovery [third factor]; (ii) the Requests are overbroad and unduly burdensome [fourth factor]; and (iii) the discovery sought is, or should be, within the custody, possession, or control of Brazilian entities in Brazil [first factor]."

7

a participant in any contemplated proceeding. At the outset, this is an oversimplification that the Court cannot adequately address on the present record. But that determination is unnecessary. "[T]he key issue" under the first Intel factor "is whether the material is obtainable through the foreign proceeding." In re Macquarie Bank Ltd., No. 2:14–cv–00797 (GMN–NJK), 2015 WL 3439103, at *6 (D. Nev. May 28, 2015); see also In re IPC Do Nordeste, LTDA, No. 12–50624, 2012 WL 4448886, at *5-6 (E.D. Mich. Sept. 25, 2012) (finding the first Intel factor supported quashing a Section 1782 subpoena, even though respondent was not a party to the foreign proceeding, because the foreign court "ha[d] the power to order the production of the evidence sought"); Atvos, 481 F. Supp. 3d at 176 (where discovery sought was in possession of Brazilian litigant, this factor favored denial even though that respondent was not a litigant). As in Atvos, supra, here Nucor has shown that it does not possess any discovery that Petitioner cannot obtain from the Brazilian entities who would be litigants in the event a proceeding is filed. This factor favors denying the Application.

Nucor also has credibly shown that the third Intel factor weighs in favor of denying the Application. The third Intel factor considers "whether the [Section] 1782 request is essentially an attempt to circumvent foreign proof-gathering restrictions." Via Vadis Controlling GmbH v. Skype, Inc., No. 12–mc–193 (RGA), 2013 WL 646236, at *2 (D. Del. Feb. 21, 2013). See also Kiobel by Samkalden v. Cravath, Swaine & Moore LLP, 895 F.3d 238, 245 & n. 3 (2d Cir. 2018) (finding circumvention where Dutch courts do not allow pre-trial discovery, as petitioner's [Section] 1782 discovery sought to do). Petitioner does not dispute that under Section 1782 he

---

Doc. No. 8 at 8. As to the second factor, Nucor briefly argues that because of the arbitration provision, receptivity of any "foreign tribunal" is irrelevant. Id. 14-15. Because the first and third factors clearly weigh against granting the Application, the Court has not considered Nucor's rather novel argument about the second factor, or the fourth factor—burdensomeness of the underlying requests. Even assuming those factors were neutral or weighed in favor of allowing discovery, the first and third factors favor denial.

seeks early discovery that he cannot seek under Brazilian law. Reply at 23 (Doc. No. 10). Rather, Petitioner focuses on the absence of any Brazilian law prohibiting him from seeking relief under Section 1782. Id. That argument misses the point.

In Atvos, supra, the Southern District of New York noted that "the opportunity to obtain pretrial discovery in Brazil is limited." 481 F. Supp. 3d at 177. Where that petitioner was seeking pretrial discovery from one respondent (of several in that case), the Court found "in [the Court's] discretion, that the third Intel factor weigh[ed] against granting the Application." Id. ("Applicant made the tactical decision to seek discovery from its opponent (and its affiliates) in the [Brazilian lawsuit] under U.S. law [through Section 1782]. It appears that Applicant may be trying to do an end run around proof-gathering restrictions in Brazil.") (emphasis added). As to that respondent, the Court vacated its earlier Ex Parte Order and quashed the subpoena. Id. at 178.

The Atvos court's logic is persuasive here as well. For the same reasons, Petitioner's attempt to collect pretrial discovery from Respondent through Section 1782 that he would not be permitted to seek under Brazilian law is an attempt to circumvent proof-gathering restrictions. This factor favors denial of the Application.

Accordingly, the Court will exercise its discretion and decline to order discovery. For this reason as well, the Application is denied.

### III. ORDER

**NOW THEREFORE IT IS ORDERED that:**

1. Petitioner Jose Henrique Soares Pereira's "Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Contemplated Foreign Proceeding" (Doc. No. 1) is **DENIED**.

The Clerk is directed to send copies of this Order to Petitioner's counsel, <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED.**

Signed: June 22, 2023

Susan C. Rodriguez
United States Magistrate Judge